IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WELLS FARGO BANK, N.A., as Trustee for the Certificateholders of Commercial Mortgage Pass-Through Certificates, Series 2006-MF2, acting by and through Crown NorthCorp, Inc., as Special Servicer, ) ) ) ) ) ) | |
| Plaintiff, ) | Case Number CIV-08-1125-C |
| vs. ) | |
| LaSALLE BANK NATIONAL ASSOCIATION, ) ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

On August 21, 2009, the Court granted Plaintiff's Motion to Compel and found that an award of reasonable attorneys' fees was proper. Plaintiff subsequently filed its Application for Attorneys' Fees, requesting $10,803.00 for 57.9 hours of attorney work. In its response, Defendant contends that the fee sought is unreasonable. Defendant claims that: (1) the amount of time spent on the motion to compel was unreasonable; (2) Plaintiff's time entries are vague and utilize block billing; (3) Plaintiff's attorneys double- and triple-billed their time in some instances; (4) Plaintiff is attempting to recover for time it has not demonstrated was spent preparing its motion to compel; and (5) Plaintiff's motion was unnecessary with respect to one of three categories of documents. Accordingly, Defendant requests that the Court deny Plaintiff's application for fees or, in the alternative, reduce the amount awarded.

In determining what constitutes a reasonable attorneys' fee, courts in the Tenth Circuit consider a number of different factors, including:

> (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) any prearranged fee . . . ; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Brown v. Phillips Petroleum Co., 838 F.2d 451, 454-55 (10th Cir. 1988). The party seeking attorneys' fees must "'make a "good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary."'" Robinson v. City of Edmond, 160 F.3d 1275, 1281 (10th Cir. 1998) (citations omitted). To determine whether this was properly accomplished, courts should consider:

> (1) whether the tasks being billed "would normally be billed to a paying client," (2) the number of hours spent on each task, (3) "the complexity of the case," (4) "the number of reasonable strategies pursued," (5) "the responses necessitated by the maneuvering of the other side," and (6) "potential duplication of services" by multiple lawyers.

Id. (citations omitted).

A careful consideration of the pertinent factors indicates that Plaintiff's fee request in this instance is reasonable. As Plaintiff notes, this case is extremely complex, involving multiple loans and different factual scenarios surrounding each loan. In addition, nearly two hundred discovery requests were issued to Plaintiff, twenty-four of which were at issue in the Motion to Compel. The monetary value of this case, as well as the two other related

cases, is extremely high, and both parties are represented by highly talented, well-respected attorneys.

Further, the Court finds that Defendant's objections to the fee request are unpersuasive. Plaintiff's time records provide details regarding what tasks were actually performed on a given day by each attorney, and are therefore precise enough to permit the Court to assess their reasonableness. In addition, the conferences among Plaintiff's attorneys were necessary given the complexity of this case and the fact that a number of different firms across the country are handling certain aspects of this litigation. Finally, Defendant's contention that the Motion to Compel was unnecessary with respect to one category of documents does not change the Court's determination regarding attorneys' fees. As noted in its Order granting the Motion to Compel, had Plaintiff waited one day to file its motion, the majority of the discovery disputes would have remained. Therefore, the Court does not find it appropriate to reduce Plaintiff's fee award on this basis.

Accordingly, Plaintiff's Application for Attorneys' Fees (Dkt. No. 56) is GRANTED. Plaintiff is awarded $10,803.00 in attorneys' fees.

IT IS SO ORDERED this 17th day of November, 2009.

_____
ROBIN J. CAUTHRON
United States District Judge