IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WELLS FARGO BANK, N.A., as Trustee for the Certificateholders of Commercial Mortgage Pass-Through Certificates, Series 2006-MF2, acting by and through Crown NorthCorp, Inc., as Special Servicer,<br><br>      Plaintiff,<br><br>vs.<br><br>LaSALLE BANK NATIONAL ASSOCIATION,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case Number CIV-08-1125-C |

## MEMORANDUM OPINION AND ORDER

On March 26, 2010, Plaintiff filed a Motion to Disqualify Defense Counsel from Further Representation of Former LaSalle Employees/Witnesses. According to Plaintiff, defense counsel is representing every former LaSalle employee noticed by Plaintiff for deposition in this case. According to Plaintiff, defense counsel contacted all of these former employees by telephone and offered to represent them free of charge throughout the course of this litigation. Plaintiff contends that such behavior constitutes improper telephone solicitation in violation of Rule 7.3 of the Oklahoma Professional Code of Conduct. Further, Plaintiff argues that such representation has hindered its ability to conduct discovery. Plaintiff claims that, during the depositions of some of these former employees, defense counsel would not permit Plaintiff to inquire into the manner in which the attorney-client relationships were formed. In addition, defense counsel met with all of these former

employees for lengthy periods of time prior to their depositions.  Plaintiff argues that such conduct indicates that the witnesses were likely improperly coached by defense counsel in violation of Rule 3.4 of the Oklahoma Rules of Professional Conduct.

According to the Tenth Circuit, "'the control of attorneys' conduct in trial litigation is within the supervisory powers of the trial judge,' and is thus a matter of judicial discretion."  Cole v. Ruidoso Mun. Schools, 43 F.3d 1373, 1383 (10th Cir. 1994).  The Western District of Oklahoma has adopted the Oklahoma Rules of Professional Conduct.  See LCvR83.6(b).  Oklahoma Rule of Professional Conduct 7.3 provides:

> (a) A lawyer shall not by in-person, live telephone or real-time electronic contact solicit professional employment from a prospective client when a significant motive for the lawyer's doing so is the lawyer's pecuniary gain, unless the person contacted:
> (1) is a lawyer, or
> (2) has a family, close personal, or prior professional relationship with the lawyer.

Here, it appears that Defense counsel solicited the former employees as clients, but the Court is not convinced that this constitutes soliciting "professional employment," as defense counsel was already employed by Defendant.  In addition, it does not appear that a significant motive behind defense counsel's actions was for the attorneys' pecuniary gain.  Instead, defense counsel was attempting to represent its client, the corporation, and also to protect the interests of the former employees whose conduct forms the basis for Plaintiff's claims in this case.  In addition, Defense counsel would have spent a great deal of time with these individuals, regardless of whether they were clients, in order to fully and competently

represent Defendant. Accordingly, the Court finds that Plaintiff has not shown a violation of Rule 7.3.

Rule 3.4 of the Oklahoma Rules of Professional Conduct prohibits a lawyer from unlawfully obstructing another party's access to evidence. The comments to this rule indicate that the adversary system contemplates fair competition among the parties, which "is secured by prohibitions against destruction or concealment of evidence, improperly influencing witnesses, obstructive tactics in discovery procedure, and the like." Rule 3.4 cmt. 1.

Plaintiff has not shown that defense counsel is destroying or concealing any physical evidence. Rather, Plaintiff contends that defense counsel is improperly influencing the testimony of Defendant's former employees and is obstructing Plaintiff's ability to discover facts through informal discovery methods. The Court finds these arguments unavailing. Although Plaintiff claims that defense counsel is improperly coaching Defendant's former employees in order to elicit testimony favorable to Defendant's position, Plaintiff also asserts that the witnesses have given inconsistent testimony. This tends to belie any argument that improper coaching occurred. Further, Plaintiff intends to depose each and every one of these former employees and is not seeking to elicit information from them through any type of informal discovery. Therefore, defense counsel's representation of these individuals is not obstructing Plaintiff's access to evidence in any way. Even if the Court were to find otherwise, the solution proposed by Plaintiff appears unworkable and somewhat ineffective.

Finally, the Court questions the timeliness of Plaintiff's motion. Plaintiff filed its Complaint on October 22, 2008. Plaintiff was aware of defense counsel's representation of a number of Defendant's former employees in the context of the previous Ohio litigation as far back as early to mid-2008. In fact, the affidavit submitted by Paul D. Snyder, one of Plaintiff's counsel, indicates that the same type of conduct by defense counsel was at issue in the Ohio litigation, and yet Plaintiff never filed a motion to disqualify or otherwise sought to address the issue. Such a delay causes the Court to question whether Plaintiff's motion was brought for tactical purposes rather than to address any ethical violations.

Accordingly, Plaintiff's Motion to Disqualify Defense Counsel from Further Representation of Former LaSalle Employees/Witnesses (Dkt. No. 170) is DENIED. Each party will bear its own costs associated with this motion.

IT IS SO ORDERED this 19th day of April, 2010.

ROBIN J. CAUTHRON
United States District Judge