IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A., as Trustee for the Certificateholders of Commercial Mortgage Pass-Through Certificates, Series 2006-MF2, acting by and through Crown NorthCorp, Inc., as Special Servicer, | ) ) ) ) ) ) | |
| | ) | Case Number CIV-08-1125-C |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| LaSALLE BANK NATIONAL ASSOCIATION, | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

On April 23, 2009, Plaintiff filed an Amended Complaint alleging three claims of breach of warranty in connection with the origination and servicing of three different real estate loans that were included in the pool of loans purchased by the MF2 Trust and the MF3 Trust. Each of these loans was underwritten and closed in late 2005 and early 2006 by Defendant's Multi-Family Finance Group. According to Plaintiff, multiple red flags were raised during the origination, underwriting, and appraisal process for each of the loans, and yet Defendant failed to recognize or simply ignored the warning signs.

On May 17, 2010, Defendant filed a motion to compel seeking production of the documents listed by Plaintiff on its privilege log. Defendant raises a number of arguments with respect to the withheld documents. First, Defendant contends that Plaintiff has not sufficiently demonstrated that the attorney-client privilege applies to the listed documents.

Second, Defendant argues that Plaintiff's legal invoices are properly discoverable and not protected by the attorney-client privilege or the work-product doctrine. Third, Defendant claims that a number of documents purportedly protected by the attorney-client privilege have been disclosed to third parties and are therefore discoverable. Fourth, Defendant argues that the work-product doctrine does not apply to the listed documents because they were either prepared in the ordinary course of business or they relate to a loan for which no litigation is pending. If the Court finds that the work-product doctrine applies, however, Defendant argues that it has a substantial need for the material.

Plaintiff disputes Defendant's assertions, arguing that it has sufficiently identified a basis for application of either the attorney-client privilege or the work-product doctrine to every document listed on its privilege log. In addition, Plaintiff contends that Defendant's motion should be dismissed for failure to participate in the meet-and-confer process in good faith.

A. Rule 37(a)(1) Good Faith Conference

The Federal Rules of Civil Procedure require that, prior to filing a motion to compel discovery, the movant must confer, or attempt to confer, in good faith with the party failing to provide discovery in an effort to resolve the dispute without the need for court intervention. Fed. R. Civ. P. 37(a)(1). Determining whether a good faith conference occurred is, by its very nature, a fact-specific inquiry.

In the present case, the parties exchanged their initial privilege logs on March 5, 2010. Defendant then sent Plaintiff a letter on April 6, 2010, listing a number of problems that it

had identified with Plaintiff's log. Letters and e-mails were then sent back and forth between the parties throughout April and May 2010, and the parties engaged in a telephone conference on April 22, 2010. On May 8, 2010, Defendant sent Plaintiff a letter listing a number of deficiencies in its log and informing Plaintiff that Defendant believed the parties could not reach an agreement on these issues. On Friday, May 14, 2010, Plaintiff sent Defendant an email explaining that it was in the process of making certain revisions to its log which, along with an explanatory letter, would be provided to Defendant in the next week. Defendant responded immediately by e-mail, stating that unless Plaintiff would describe what it was planning to revise on its logs, then Defendant would file a motion to compel, believing that the parties were at an impasse. Because Plaintiff was still in the process of reviewing its log and making revisions, it could not detail what those changes would be. Defendant chose to file its motion to compel the following Monday, May 17, 2010. Plaintiff sent the promised letter a few hours after Defendant filed its motion. Plaintiff also provided its revised privilege log that same week, on May 21, 2010.

This current motion is simply another example of the obstructive, frivolous discovery disputes in which the parties have engaged throughout the pendency of this action. Defendant was aware that a revised privilege log was being prepared, and yet it chose to file a premature motion requesting production of all of the documents listed in Plaintiff's original log. Because the motion was filed before the revised log was provided, the briefing presented to the Court lacked any meaningful response to the new listings made by Plaintiff. This most assuredly does not constitute a good faith conference, and has resulted in nothing

3

more than a waste of the Court's time and resources. The parties are strongly admonished to refrain from such behavior in the future, or else more serious sanctions will be imposed.

Regardless, were the present motion simply dismissed on this basis, the Court has no doubt whatsoever that a similar, equally voluminous motion would quickly be filed, wasting even more of the Court's time. Accordingly, in an effort to conserve precious judicial resources, the Court finds it appropriate to decide the present motion on its merits.

B. Claiming Privilege or Work Product Protection

Whenever a party withholds otherwise discoverable information on the basis that either the attorney-client privilege or the work-product doctrine applies, the party must "expressly make the claim; and describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A). The advisory committee notes indicate the lack of precision in the rule regarding what information must be provided in order to claim a privilege. "Details concerning time, persons, general subject matter, etc., may be appropriate if only a few items are withheld, but may be unduly burdensome when voluminous documents are claimed to be privileged or protected, particularly if the items can be described by categories." Fed. R. Civ. P. 26 advisory committee's note. The party asserting that discovery is barred due to the attorney-client privilege or the work-product doctrine bears the burden of demonstrating that one or both apply to the withheld documents. See Barclaysamerican Corp. v. Kane, 746 F.2d 653, 656 (10th Cir. 1984).

1.  Attorney-Client Privilege

Initially, Defendant argues that New York law applies to Plaintiff's claims of attorney-client privilege because the Mortgage Loan Purchase Agreements (the MLPA) contains a choice of law provision that so specifies.  Because this is a diversity case, the Court must apply Oklahoma's choice of law provisions to determine which state's law applies.  See Shearson Lehman Bros., Inc. v. M & L Investments, 10 F.3d 1510, 1514 (10th Cir. 1993).  To determine whether such a contractual choice of law provision is enforceable, Oklahoma courts use the analysis set forth in the Restatement (Second) of Conflict of Laws § 187.  See Maher v. Associated Milk Producers, Inc., No. 94-5035, 1995 WL 34847, at *2 (10th Cir. Jan. 30, 1995); see also Dean Witter Reynolds, Inc. v. Shear, 1990 OK 67, ¶ 6, 796 P.2d 296, 298-99.  According to the Restatement, a choice of law provision will be upheld unless either

> (a) the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice, or
> (b) application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue and which, under the rule of § 188, would be the state of the applicable law in the absence of an effective choice of law by the parties.

Restatement (Second) of Conflict of Laws § 187(2).  Neither party has given any indication that either exception listed applies, and therefore the Court finds that New York law governs Plaintiff's claims of attorney-client privilege.

Pursuant to New York law,

> [I]n order for a communication to be absolutely privileged a confidential communication between client and attorney, in the course of a professional relationship, must be made for the purpose of seeking or providing legal advice

or assistance and the communication itself must have been primarily or predominantly of a legal character.

Aetna Cas. & Sur. Co. v. Certain Underwriters at Lloyd's London, 676 N.Y.S.2d 727, 730 (N.Y. Sup. Ct. 1998). Determining whether a particular document is protected from disclosure by the attorney-client privilege is a very fact-specific inquiry. Spectrum Systems Int'l Corp. v. Chem. Bank, 581 N.E.2d 1055, 1060 (N.Y. 1991).

As a general objection, Defendant contends that all 539 entries claiming the attorney-client privilege are insufficient and must be disclosed. Defendant bases this contention on the fact that none of these entries state that they were "made for the purpose of obtaining or giving legal advice." (Mot., Dkt. No. 198, at 13.) A careful perusal of Plaintiff's original and revised privilege log indicate that an attorney was either the sender or the recipient of the listed communication and that a client was the other party. The mere fact that these documents were listed on a privilege log constitutes an assertion by Plaintiff that the communication was made for the purpose of giving or receiving legal advice. Specific "magic words" are in no way required or contemplated under the Federal Rules of Civil Procedure, and the Court finds Defendant's assertions to the contrary entirely frivolous.

Next, Defendant argues that Plaintiff should be required to produce the legal invoices listed on its privilege log. Defendant relies upon Diversified Group, Inc. v. Daugerdas, 304 F. Supp. 2d 507 (S.D.N.Y. 2003) for the proposition that such documents are not protected by the attorney-client privilege. According to Diversified:

> "Under federal common law, attorney fee arrangements, including the general purpose of the work performed, are not generally protected from disclosure by

> the attorney-client privilege." However, correspondence, bills, ledgers, statements, and time records which also reveal the motive of the client in seeking representation, litigation strategy, or the specific nature of the services provided, . . . , fall within the privilege.

Id. at 514 (citations omitted).

Plaintiff asserts that its billing invoices contain "highly-detailed descriptions of the work performed by counsel in representing Plaintiff, and are therefore rife with information subject to attorney-client privilege and work product protection." (Resp., Dkt. No. 200, at 15.) The Court finds this assertion sufficient to warrant application of the attorney-client privilege to Plaintiff's billing invoices.

In addition, the Court questions whether the invoices are even relevant at this stage of the litigation. The claims and defenses in this case do not depend upon evidence concerning Plaintiff's billing invoices. Rather, Plaintiff will not be entitled to attorney's fees unless and until it prevails on its claim at trial. For both of the above-stated reasons, the Court will not compel Plaintiff to turn over its billing invoices to Defendant.

Finally, Defendant argues that certain documents listed on Plaintiff's privilege log lost their privileged character when they were disclosed to third parties. It is apparent that "'any voluntary disclosure by a client to a third party waives the attorney-client privilege.'" Delta Fin. Corp. v. Morrison, No. 011118/2003, 2006 WL 3068853, at *6 (N.Y. Sup. Ct. Oct. 24, 2006) (citation omitted). However, Plaintiff contends that the common interest doctrine applies in this case to shield four such documents from disclosure.

Under New York law, the "'common interest' privilege must be limited to communication between counsel and parties with respect to legal advice in pending or reasonably anticipated litigation in which the joint consulting parties have a common legal interest." Aetna, 676 N.Y.S.2d at 732. While some courts require that the legal interest between the parties be identical rather than simply similar, see Shamis v. Ambassador Factors Corp., 34 F. Supp. 2d 879, 893 (S.D.N.Y. 1999), other courts have found that "a total identity of interest among the participants is not required under New York law. Rather, the privilege applies where an 'interlocking relationship' or a 'limited common purpose' necessitates disclosure to certain parties." GUS Consulting GMBH v. Chadbourne & Parke LLP, 858 N.Y.S. 2d 591, 593 (NY Sup. Ct. 2008). Many courts find the doctrine applicable "'where a joint defense effort or strategy has been decided upon and undertaken by the parties and their respective counsel.'" N. River Ins. Co. v. Columbia Cas. Co., No. 90 CIV 2518 (MJL), 1995 WL 5792, at *3 (S.D.N.Y. Jan. 5, 1995) (citation omitted).

In the present case, the documents at issue were sent to Sheperd Advisors LLC, which was the Controlling Class Representative for the trusts. As Controlling Class Representative, Sheperd had a number of responsibilities that necessitated contact with Crown, the Special Servicer of the loans at issue. Importantly, Sheperd and Crown executed a joint defense agreement in connection with the previous Ohio litigation and subsequently executed a second agreement covering any future repurchase litigation. (See Kooi affidavit, Dkt. No. 204, Ex. 1.) As a result, the Court finds that Sheperd and Crown share a common legal

interest sufficient to justify application of the common interest document. Any documents disclosed between those two parties will retain their privileged status.

   2.  Work-product doctrine

The Federal Rules of Civil Procedure provide that, as a general rule, "a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative." Fed. R. Civ. P. 26(b)(3)(A). In order for the work-product doctrine to apply, "[t]he material must (1) be a document or tangible thing, (2) that was prepared in anticipation of litigation, and (3) was prepared by or for a party, or by or for his representative." Retail Brand Alliance, Inc. v. Factory Mut. Ins. Co., No. 05 Civ. 1031(RJH)(HBP), 2008 WL 622810, at *3 (S.D.N.Y. Mar. 7, 2008). With respect to the second element, courts should consider whether "in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained *because of* the prospect of litigation." Id. at *4 (internal citations and quotations omitted). It is well recognized that "documents prepared in the ordinary course of business or that 'would have been created in essentially similar form irrespective of the litigation" are not protected by the work-product doctrine." E.B. v. N.Y. City Bd. of Educ., No. CV 2002-5118(CPS)(MDG), 2007 WL 2874862, at *3 (E.D.N.Y. Sept. 27, 2007).

Defendant initially makes a blanket objection to every single document listed by Plaintiff as work product. Defendant contends that Plaintiff's failure to state the specific litigation to which the documents withheld relate prohibits a meaningful assessment of whether the work-product doctrine is applicable. However, every entry specifies the loan(s)

9

and/or property to which the withheld document relates. The Court finds this sufficient to permit Defendant to analyze Plaintiff's claim of work-product protection.

Next, Defendant argues that the descriptions provided by Plaintiff do not adequately invoke work-product protection because Plaintiff does not recite that the documents were "prepared in anticipation of imminent litigation." As explained previously in the context of the attorney-client privilege, no magic words are required under the Federal Rules of Civil Procedure to invoke work-product protection. Each and every one of the documents Plaintiff lists as work product is described as "litigation strategy" or "discussion re litigation issues." The Court finds such language sufficient to properly identify the documents as work product and they are, therefore, protected from disclosure.

Defendant further objects to Plaintiff withholding documents related to the Windwood loan because this particular loan is not now, and never has been, the subject of any litigation. Plaintiff did not address this argument in its response to Defendant's motion. Therefore, the Court concludes that such documents, to the extent they are being withheld solely on the basis of the Windwood loan, should be disclosed to Defendant.

Finally, Defendant asserts that even if such documents are protected work product, they should be disclosed. According to Rule 26(b)(3)(A), such protected material may be discovered if "the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." In support of its argument, Defendant states that such documents "are likely to shed light on the facts developed by Plaintiff on key issues in this case as well as provide information

regarding Plaintiff's duties and obligations as the special servicer in connection with the loans at issue." (Mot., Dkt. No. 198, at 24-25.) While such information may be helpful for Defendant, it does not rise to the level such that discovery is warranted, and the Court will not order disclosure of the documents.

C. Attorney's Fees

Both parties request that the Court award them attorney's fees incurred in connection with the present motion. When a motion to compel is denied, courts must, after notice and an opportunity to be heard, require the movant to pay the opposing party's attorney's fees. Fed. R. Civ. P. 37(a)(5)(B). Here, Defendant's motion was denied almost in its entirety. Defendant had ample opportunity to object to Plaintiff's request for attorney's fees, but chose not to do so. Based on the frivolous nature of Defendant's motion, the Court finds an award of attorney's fees appropriate. The parties are instructed to confer in good faith in an effort to reach an agreement on a reasonable fee award. If the parties are unable to agree, then Plaintiff is instructed to file a motion for fees, properly supported pursuant to LCvR54.2, within two weeks of the date of this Order.

D. Conclusion

As set forth more fully herein, Defendant's Motion to Compel Production to Defendant of Documents Plaintiff Purportedly Withheld on the Basis of Privilege or for *in Camera* Inspection (Dkt. No. 198) is GRANTED IN PART and DENIED IN PART. Plaintiff is ordered to produce the documents withheld on the basis of the work-product doctrine that relate solely to the Windwood loan. Plaintiff is not required to produce any

11

other documents listed on its privilege log. Further, Plaintiff is entitled to an award of reasonable attorney's fees incurred in defending this motion.

IT IS SO ORDERED this 22nd day of June, 2010.

ROBIN J. CAUTHRON
United States District Judge